**Umesh THAPA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 11–72524.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2015.[*]

Filed Jan. 22, 2015.

Yagya P. Nepal, Esquire, Law Office Of Yagya P. Nepal, Oakland, CA, for Petitioner.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oil, Aaron R. Petty, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.**

MEMORANDUM ***

Umesh Thapa petitions for review of the Board of Immigration Appeals' decision denying asylum, withholding of removal, and protection under the Convention Against Torture. We deny his petition.

Substantial evidence supported the BIA's determination that Thapa was ineligible for asylum because he had firmly resettled in Ecuador prior to arriving in the United States. In Ecuador, Thapa received a category VI "indefinite" visa, worked for almost three years, and rented a room.

Substantial evidence also supported the BIA's conclusion that Thapa was ineligible for withholding of removal. Thapa's refusal to participate in the Maoists' strike in Nepal did not compel a conclusion that there was a nexus between the Maoists' actions and Thapa's actual or imputed political opinions. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Further, the reports of unrest and violence in Nepal did not com-

pel a finding that Thapa more likely than not will be persecuted on account of his political opinion if forced to return to Nepal.

Finally, substantial evidence supported the BIA's conclusion that Thapa is ineligible for protection under the Convention Against Torture. The record does not suggest Thapa was tortured in Nepal. Just as the reports of unrest failed to establish Thapa was more likely than not to be persecuted if he returned to Nepal, they did not show he is more likely than not to be tortured. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir.2010).

**Petition DENIED.**

---

** The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

